UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KASHEENA SHIM, NICHOLAS CLARK, ZACHERY CLARK, GIANNINO GIRONDA, AMANDA HARTMAN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Z-LIVE INC., STAGE 48 INC., STAGE 48 EVENT INC., COSMOPOLITAN MANAGEMENT LLC, ERIC S. FUNK, and PEDRO ZAMORA, in his individual and professional capacities,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Kasheena Shim, Nicholas Clark, Zachary Clark, Giannino Girondo, and Amanda Hartman, individually and on behalf of all others similarly situated (all, collectively, "plaintiffs"), by their attorneys, Stoll, Glickman & Bellina LLP, allege:

### NATURE OF ACTION

1. This is a proposed collective and class action brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs were or are employed by defendants Z-Live Inc., Stage 48 Inc., and Stage 48 Event Inc., 215 Bar LLC, Cosmopolitan Management LLC, Eric S. Funk, and Pedro Zamora (collectively, "defendants") as servers, wait-staff, hosts, bartenders, bussers, and bar backs at the nightclub "Stage 48", where they were denied minimum wage and their rightful gratuities in contravention of federal and state wage and hour laws.

1

2. Defendants illegally retained substantial portions of plaintiffs' gratuities when plaintiffs worked parties and private events at the club, by charging customers mandatory twenty percent service charges which purported to be gratuities, but failing to give those service charges to plaintiffs, in contravention of New York State law. In addition, defendants failed to comply with federal minimum wage law at all times by failing to comply with federal provisions that delineate when an employer may qualify for a "tip credit" under federal law. This was because, through a variety of consistent practices, defendants diverted tips meant for plaintiffs. By failing to provide accurate wage statements pursuant to NYLL Article 6, § 195-3, defendants also violated New York law.

**PARTIES**

3. Plaintiff KASHEENA SHIM is a New York State citizen and was employed by defendants as a server from February 2013 until May 2017. She brings this action as an individual and a class representative.

4. Plaintiff NICHOLAS CLARK is a New York State citizen and was employed by defendants as a bartender from about May, 2013 to approximately September 6, 2017. He brings this action as an individual and a class representative.

5. Plaintiff ZACHERY CLARK is a New York State citizen and was employed by defendants as a bartender from April 2013 to the present. He brings this action as an individual and a class representative.

6. Plaintiff GIANNINO GIRONDA is a New Jersey citizen and was employed by defendants as a bartender from 2014 to the present. He brings this action as an individual and a class representative.

7. Plaintiff AMANDA HARTMAN is a New Jersey citizen and was employed by defendants as a server and bartender from approximately 2012 to the present. She brings this action as an individual and a class representative.

8. Defendant Z-LIVE INC. ("Z-Live") is a corporation organized and existing in the State of New York with its principal place of business located at 605 West 48th Street, New York, NY 10036. Defendant Z-Live owns, operates, and/or does business on its premises as Stage 48, a nightclub, dance, lounge, live music venue, and event space.

9. Z-Live is a covered employer within the meaning of the FLSA and the NYLL, and employed and/or jointly employed plaintiffs within the meaning of the FLSA and the NYLL.

10. At all relevant times, Z-Live maintained control, oversight, and directing over plaintiffs, including policies governing the allocation of service charges and other employment practices that applied to them.

11. Defendant STAGE 48 INC. ("Stage 48") is a New York domestic business corporation with its principal place of business located at 5615 Northern Blvd., Woodside, NY 11377. Stage 48 is a full-service bar, restaurant, and nightclub that hosts large parties, concerts, and major events.

12. Stage 48 is a covered employer within the meaning of the NYLL, and employed and/or jointly employed plaintiffs within the meaning of the FLSA and the NYLL.

13. At all relevant times, Stage 48 maintained control, oversight, and directing over plaintiffs, including policies governing the allocation of service charges and other employment practices that applied to them.

14. Defendant STAGE 48 EVENT INC. ("Stage 48 Event") is a New York domestic business corporation with its principal place of business located at 5615 Northern Blvd.,

Woodside, NY 11377. Stage 48 Event is a full-service bar, restaurant, and nightclub that hosts large parties, concerts, and major events.

15. Stage 48 Event is a covered employee within the meaning of the NYLL, and employed and/or jointly employed plaintiffs within the meaning of the FLSA and the NYLL.

16. At all relevant times, Stage 48 Event maintained control, oversight, and directing over plaintiffs, including policies governing the allocation of service charges and other employment practices hat applied to them.

17. Defendant PEDRO ZAMORA is the owner of Z-Live, Stage 48, and Stage 48 Event and exercises sufficient control of each corporation's day to day operations to be considered an employer of plaintiffs under NYLL and the FLSA. Upon information and belief, he is a citizen of the State of New York.

18. Defendant COSMOPOLITAN MANAGEMENT LLC ("Cosmopolitan") is a limited liability corporation organized and existing in the State of New York with its principal place of business located at 601 West 57th Street, New York, NY 10019.

19. Cosmopolitan is a covered employer within the meaning of the NYLL and the FLSA, and employed and/or jointly employed plaintiffs within the meaning of the NYLL and the FLSA.

20. At all relevant times, Cosmopolitan maintained control, oversight, and directing over plaintiffs, including policies governing the allocation of service charges and other employment practices that applied to them.

21. Defendant ERIC S. FUNK is the owner of Cosmoplitan, and exercises sufficient control of its day to day operations as well as those of Stage 48, stage 48 Event and Z-Live to be

4

considered an employer of plaintiffs NYLL and FLSA.  Upon information and belief, he is a resident of the State of New York.

22.     Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant.  Each defendant has had substantial control over plaintiffs' working conditions, and over the unlawful policies and practices alleged here.

23.     Defendants are single and joint employers and have had a high degree of interrelated and unified operations and share common management, centralized control of labor relations, common ownership, common control, common business purposes, and interrelated business goals.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that the FLSA claims arise under the laws of the United States.

25.     This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

26.     This Court additionally has supplemental jurisdiction over plaintiffs' state law claims and New York citizen plaintiffs, pursuant to 28 U.S.C. § 136, because they form part of the same case or controversy under Article III of the United States Constitution.

27.     Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

## **FACTUAL ALLEGATIONS**

28. Plaintiffs worked for defendants as servers, wait-staff, hosts, bartenders, bussers, and bar backs at Stage 48, a nightclub located on the West Side of Manhattan.

MINIMUM WAGE PRACTICES

29. Defendants paid plaintiffs less than the federal and state minimum wage, under the guise that defendants were tipped employees, and thus defendants were entitled to a "tip credit" towards the minimum wage, under federal and state law.

30. In fact, however, defendants did not qualify for a "tip credit" because they failed to comply with federal prerequisites to applying such "tip credits".

31. First, defendants failed to comply the requirement of U.S.C. § 203(m) that the employer inform defendants of its provisions delineating when and how an employer may utilize a "tip credit".

32. Next, all tips received by plaintiffs were not retained by plaintiffs, as mandated by 29 U.S.C. § 203(m).

33. Instead, defendants retained plaintiffs' tips through a number of policies.

34. First, when defendants sold "prepaid bottles" and "package deals"- prepaid food, drinks, and service, to customers for cash, the club deducted three percent from the tips collected at the time of the sale, and allocated to plaintiffs, even though there were no credit card processing fees to justify the deduction.

35. Second, defendants hired a significant number of undocumented workers, to whom they paid cash. But because plaintiffs pooled tips, and because plaintiffs' taxes were calculated based on their share of the total tips collected by defendants on any given week, a

subclass of documented workers had their tips withheld disproportionately and applied to their tax burden, as the tips shared by the undocumented subclass were attributed to the documented class as income. Meanwhile, the undocumented workers were simply not paid minimum wage at all.

36.  Third, defendants routinely charged a twenty percent "service charge" to clients who booked private parties and events at the club, but failed to distribute any such service charges to plaintiffs. Since the food and drink bills for private parties could amount to hundreds of thousands of dollars for high profile companies and organizations, the service charges withheld are very significant.

37.  Fourth, defendants routinely retained portions of plaintiffs' tips to remedy what they perceived to be shortfalls in plaintiffs' reconciliations at the end of the night. Any shortfalls, however, were often due to the defendants' own ad hoc accounting and reconciliation procedures, as well as bookkeeping anomalies not attributable to plaintiffs.

38.  Fifth, defendants sometimes required plaintiffs to share their tips with individuals who did not customarily and regularly receive tips. For example, at parties where confetti canons were used, the tipped employees working the parties were required to share their tips with the individuals who operated the confetti canons.

### "SERVICE CHARGES"

39.  Defendants frequently rented portions of the club out to private parties, for which they would provide set menus, and open bars.

40.  Defendants added a twenty percent "service charge" to every party, which was presumptively, under New York law, a gratuity to be passed to the service staff.

41. Further, defendants represented or allowed their customers to believe that the "service charge" added to the bills for private parties was in fact a gratuity for plaintiffs.

42. Nevertheless, defendants did not pass the "service charge" directly to the service staff, and paid the service staff an hourly wage, instead.

43. The hourly wages paid to the service staff totaled less than the "service charge" collected by defendants at any given party/

## COLLECTIVE AND CLASS ALLEGATIONS

44. Plaintiffs bring FSLA collective claims as authorized under 29 U.S.C. § 216(b).

45. The employees similarly situated are all persons who are or have been employed by defendants as servers, wait-staff, hosts, bartenders, bussers, and bar backs at the nightclub "Stage 48" at any point during the "Collective Class Period"- the three years prior to the filing of this Complaint.

46. Defendants employed plaintiffs during the Collective Class Period.

47. Defendants have employed more than 40 other servers, wait-staff, hosts, bartenders, bussers and bar backs during the Collective Class Period.

48. All of defendants' servers, wait-staff, hosts, bartenders, bussers, and bar backs were subject to the unlawful common policies and practices detailed in this complaint.

49. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused plaintiffs significant damages.

50. Defendants are liable under the FLSA for failing to properly compensate plaintiffs, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of defendants who were subject to the

aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable through defendants' records.

51. At all relevant times defendants were operated as a single, integrated enterprise, or single employer, or as joint employers, and shared a principal place of business for the purposes of a collective action.

52. In addition to the FLSA, plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following proposed defined class: "all persons who are or have been employed by defendants as servers, wait-staff, hosts, bartenders, bussers, and bar backs at the nightclub "Stage 48" at any point during the Class Period."

53. The "Class Period" is defined as the six years prior to the filing of this Complaint.

54. At all times during the Class Period, defendants engaged in the unlawful wage practices detailed elsewhere in this Complaint.

55. Numerosity: The proposed class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants have employed over 70 people who satisfy the definition of the proposed class.

56. Typicality: Plaintiffs' claims are typical of the members of the proposed class. Plaintiffs' counsel is informed and believes that, like plaintiffs, the proposed class members were subject to the same unlawful wage practices detailed elsewhere in this complaint.

57. Superiority: A class action is superior to other available methods for the fair

and efficient adjudication of the controversy.

58. Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

59. Commonality: Common questions of law and fact exist to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

-whether defendants had a common practice or plan to pay less than the minimum wage under the FLSA and the NYLL;

-whether defendants had a common practice or plan to withhold "service charges", in violation of NYLL § 196-d;

-whether defendants had a common practice or plan to withhold three percent of the tips paid on cash prepaid purchases, in violation of NYLL § 196-d;

-whether defendants had a common practice or plan to attribute the tips earned by undocumented workers to the documented workers for the purpose of calculating income tax withholdings of the documented workers, in violation of the FLSA and NYLL § 196-d;

-whether defendants' actions were "willful", and thus subject to a three year statute of limitations under the FLSA and a six year statute of limitations under the NYLL;

-whether defendants are liable for attorneys' fees and costs.

60. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

61. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

62. Questions of law and fact common to the proposed class predominate over any

questions affecting only individual members of the Proposed Class, and a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages suffered by the individual proposed class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

63. Plaintiffs intend to send notice to all members of the proposed class to the extent required by Rule 23. The names and addresses of the proposed class are available from defendants.

64. The case is maintainable as a class action because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

## FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wages under the Fair Labor Standards Act**

65. Plaintiffs incorporate by reference the allegations in the rest of this Complaint.

66. At all times relevant, defendants have been "employers" engaged in interstate commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, defendants have employed and continue to employ people, including plaintiffs. At all relevant times defendants have had gross operating revenues in excess of $500,000.00.

67. Accordingly, plaintiffs and the proposed and putative class members have been entitled to the federal minimum wage for each hour worked.

68. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under 29 U.S.C. § 203(m) because defendants failed to inform plaintiffs of the provisions of §203(m) of the FLSA, and because defendants did not allow plaintiffs to retain all tips they received.

69. Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §§ 216(b) and 255(a), entitling plaintiffs to such legal and equitable relief as the Court deems appropriate.

70. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by defendants, jointly and severally, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law § 196-d: Illegal Retention of Gratuities

71. Plaintiffs incorporate by reference the allegations in the rest of this Complaint.

72. At all times relevant, defendants demanded or accepted, directly or indirectly, or retained a portion of the mandatory charges paid by customers that were presented as gratuities for plaintiffs.

73. Although a reasonable customer would have believed that the twenty percent "service charges" appended to bills for catered parties and events, "prepaid bottles", and "package deals", was a gratuity, defendants did not distribute this gratuity to the plaintiffs or the proposed class members.

74. NYCRR 146-2.18 establishes a "rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity."

75. NYLL § 196-d states: "(n)o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

76. Defendants have willfully violated NYLL, Article 6, § 196-d and the supporting New York State Department of Labor regulations.

77. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law § 195-3: Failure to Provide Accurate Wage Statements

78. Defendants failed to provide Plaintiffs with a statement with every payment of wages, accurately listing deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

79. Defendants' practice of hiring undocumented workers, and paying them "off the books", and then attributing the tips earned by the undocumented workers to the workers who were documented, resulted in consistently inaccurate, or no wage statements respectively, for the documented and undocumented workers, in violation of NYLL § 195-3.

80. By defendants' violations of § 195-3, they are liable to each plaintiff for two hundred fifty dollars for each work day that the violations occurred, not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs request relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule

23(b)(1) and (3) of the Federal Rules of Civil Procedure;

      B.      That the Court determine that this action may proceed as a collective action under FLSA § 216(b);

      C.      That defendants are found to have violated the provisions of the New York Labor Law described above, as to plaintiffs;

      D.      That defendants are found to have violated the Fair Labor Standards act provisions described above as to plaintiffs;

      E.      That defendants' violations as described above are found to be willful;

      F.      An award to plaintiffs of unpaid wages and tips owed, including interest, penalties, and liquidated damages, subject to proof at trial;

      G.      An award of reasonable attorneys' fees and costs and;

      H.      Such other relief in law or equity as this Court deems just.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages here alleged.

September 12, 2017                                      Respectfully submitted,
                                                        STOLL, GLICKMAN & BELLINA LLP

BY_____
                                                        Andrew B. Stoll
                                                        475 Atlantic Ave., 3rd Fl.
                                                        Brooklyn, NY 11217
                                                        (718) 852-3710
                                                        astoll@stollglickman.com
                                                        *Attorneys for Plaintiff*