

**300 Cadman Plaza West, 12th Floor**
**Brooklyn, NY 11201**
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. J. Paul Oetken                                          November 19, 2018
U.S. District Court, SDNY
500 Pearl St. Rm. 15D
New York, NY 10007


RE:     Kasheena Shim et al v. Z Live et al
        17-CV-06938 (JPO)


Your Honor,

I am plaintiffs' counsel in the above referenced matter.  This is a joint motion for approval of the amended settlement agreement, which the parties have all agreed to.

The Court filed an opinion and order on November 6, 2018 (Document 52), noting that the "proposed settlement is sound in its fundamentals", but rejecting the releases and confidentiality provisions as overbroad, and granting leave to revise the terms of the settlement and submit an updated agreement for the Court's review.

Attached as exhibits one and two are the amended proposed settlement agreement, and a redline version highlighting the amendments, which we believe address the Court's concerns.  The original motion for settlement approval is also appended as Exhibit 3.

Thank you for your consideration.


Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.

# EXHIBIT ONE

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into this _____ day of November, 2018, by and between Kasheena Shim, Nicholas Clark, Zachery Clark, Giannino Gironda, Amanda Hartman and any and all of their executors, administrators, successors, and assigns (collectively, "plaintiffs") and Z-Live Inc., Stage 48 Inc., Stage 48 Event Inc., and Pedro Zamora, and any and all of their executors, administrators, successors, and assigns (collectively, "defendants" and, together with plaintiffs, "the parties").  This Agreement constitutes the complete and final settlement of any and all disputes arising from or relating in any way to plaintiffs' employment with defendants, any separation of plaintiffs' employment with defendants, plaintiffs' compensation and/or benefits from defendants, and any claims or actions plaintiffs have brought, threatened to bring, or could have brought against defendants.

Plaintiffs commenced a action against defendants in the United States District Court, Eastern District of New York, which was assigned docket number 17-CV-6938 (JPO) ("the action").

Defendants have answered and deny liability, or that the claims in the action have any merit.

The parties desire to enter into this agreement to fully and finally settle, resolve and dismiss with prejudice the claims asserted or which could have been asserted in the action as well as any and all other claims, complaints, charges and actions of any kind whatsoever, known or unknown, that share a factual or legal nexus with the claims plaintiffs sought to press in this suit.

Plaintiffs acknowledge and agree that the payment provided for here is provided as consideration for this agreement to voluntarily dismiss, waive and withdraw with prejudice all claims, complaints, charges, administrative actions and actions of any kind against defendants.

In consideration of the execution of this Agreement, and the mutual promises and covenants contained herein, the parties agree as follows:

      1.    In consideration of plaintiffs' execution and delivery of this agreement including any exhibits, and the promises and covenants contained here, and contingent upon the approval of the Hon. J. Paul Oetken, or any successor Judge of the United States District Court ("the Court"), defendants, or any one of them, shall forward to plaintiffs' counsel, Stoll, Glickman & Bellina, LLP ("SGB") a sum total of Eighty-Five Thousand Dollars ($85,000.00) (the "settlement sum") as follows:

          a.    Due two weeks after approval of this agreement by the Court, $13,050.00 by check payable to Kasheena Shim;

b.     Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Nicholas Clark;

c.     Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Zachery Clark;

d.     Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Giannino Gironda;

e.     Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Amanda Hartman.

f.     Due two weeks after approval of this agreement by the Court, $28,950.00, by check payable to Stoll, Glickman & Bellina, LLP, and representing one third of the settlement sum, plus $617.00 in reimbursed expenses.

2.     All payments to plaintiffs shall be subject to withholdings. SGB shall be obligated to execute and return an IRS Form W-9 to counsel for defendants with respect to the payment made to SGB pursuant to this agreement.

3.     In the event that it is subsequently determined that plaintiffs owe any additional taxes with respect to their respective payments set forth in paragraph 1 above, plaintiffs each expressly acknowledge and agree that they and their heirs, executors, administrators, and assigns, and not defendants, shall be responsible for the payment of any such taxes, liabilities, payments, costs, interest and penalties. Plaintiffs agree to defend, indemnify and hold harmless defendants to the full extent of any such taxes, liabilities, payments, costs, interest and penalties associated with any subsequent tax liability, which may be assessed against defendants in connection with any payment made to or on behalf of plaintiffs or to SGB on plaintiffs' behalf.

4.     Plaintiffs, for the consideration given by defendants as set forth above, which they acknowledge is satisfactory to them, agree that they irrevocably and unconditionally release, remise, waive and forever discharge and covenant not to sue defendants from all actions, causes of action, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses of any nature whatsoever, in law or equity, known or unknown, suspected or unsuspected, fixed or contingent, which they have or have ever had, against defendants from the beginning of time to the date of the agreement, that share a factual or legal nexus with the claims plaintiffs sought to press in this suit. This release covers both claims that plaintiffs knew about and those they may not know about, other than claims that may arise after the date they execute this agreement. Nothing here is intended to release those claims which cannot by law be waived by private agreement, except that such claims are intended to be waived where Court approval must be obtained, and has been obtained.[1]

---

[1]     This agreement is not intended to, and does not waive, any claim for New York State Workers' Compensation benefits filed by, or to be filed by, Plaintiff Giannino Gironda.

2

5.     The parties agree that the releases described in paragraph four do not bind or constrain any other person, not a party to this action, or preclude any other person from bringing a similar action for damages, although it does limit plaintiffs' participation in any such action, as described below.

6.     Plaintiffs acknowledge that, by signing this agreement and receiving the payments listed in paragraph one, they: (a) have been properly paid for all hours worked, and (b) have not suffered any on the job illness or injury for which they have not already filed a claim or lawsuit[2].

7.     Plaintiffs further represent that, other than the action, they have no administrative, federal or state court actions against defendants currently pending before any local, state or federal court, tribunal or administrative agency.[3]  If any such court, tribunal or agency assumes or has assumed jurisdiction over any complaint or charge, that shares a factual or legal nexus with the claims plaintiffs sought to press in this suit, plaintiffs shall promptly request in writing that the court, tribunal or agency without appearance by either of the parties, withdraw and dismiss the action with prejudice.[4]  Any such orders shall be attached to and become a part of this agreement.  All obligations set forth in this agreement are conditioned completely and entirely upon the withdrawal and dismissal with prejudice of any and all administrative, state and federal court actions that share a factual or legal nexus with the claims plaintiffs sought to press in this suit.[5]

8.     Nothing in this agreement is intended or shall be deemed to prohibit plaintiffs from participating in or cooperating with the Equal Employment Opportunity Commission (the "EEOC"), the New York State Division of Human Rights ("NYSDHR") or the New York City Commission on Human Rights ("NYCCHR") or a similar state or local agency, in any action brought by the EEOC, the NYSDHR, the NYCCHR and/or a similar state or local agency.

9.     During their employment with defendants, Plaintiffs were given access to defendants' confidential and proprietary information including, without limitation, information regarding actual and potential customer information and other information regarding defendants' business and business strategy not otherwise known to the public (the "confidential information").    Plaintiffs commit and agree to maintain the confidentiality of the confidential information and not to directly or indirectly disclose, disseminate or publish, or cause to be disclosed, disseminated or published any confidential information in any form to any third party.  In addition, plaintiffs agree to return to defendants' counsel, within fourteen (14) days of Court's approval of this agreement, any confidential information or property of defendants still in their possession or control including, but not limited to, computers, CDs, computer files, electronic communications, keys, cellular telephones, blackberries, SIM cards, identification cards, reports, documents, records, notebooks, correspondence, manuals, ledgers, software, diskettes, CDs, computer files, lists and other tangible embodiments of the confidential

---

[2]     Except for any claim described in Footnote One.
[3]     Except for any claim described in Footnote One.
[4]     Except for any claim described in Footnote One.
[5]     Except for any claim described in Footnote One.

information (regardless of the media in which such confidential information is stored), including copies thereof.

10.    Plaintiffs certify and represents that they have not disclosed or disseminated any affidavits, certifications or declarations obtained in connection with the action to anyone other than the other parties.  Plaintiffs also certify and represent that neither they nor their counsel have any undisclosed affidavits or declarations in their possession, custody or control related to or substantiating any facts set forth in the complaint filed in the action.

11.    Plaintiffs acknowledge and agree that, other than the consideration provided here, they are not entitled to and will not receive any additional compensation or benefits of any kind from defendants, and that no representations have been made to them to the contrary, with the exception of any wages lawfully earned after the Court's approval of this agreement.

12.    This Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of defendants, nor of any violation of any federal, state, city or local statute, rule, regulation or principle of common law or equity.  Rather, this agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay, and uncertainty of litigation.

13.    This agreement may not be changed orally and no modification, amendment or waiver of any provision contained in this agreement, or any future representation, promise or condition in connection with the subject matter of this agreement shall be binding upon the parties unless made in writing and signed by the parties.

14.    This agreement contains the entire agreement and complete settlement between the parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral.  All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this agreement.  This is an integrated document.

15.    In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful, or, for any reason, unenforceable, the remaining portion shall remain in full force and effect, and, to that end, the provisions of this agreement are declared to be severable.

16.    This agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state without regard to principles of conflict of laws.

17.    Except with respect to funds specifically owed under this agreement, plaintiffs waive and release any claims against defendants for attorneys' fees and costs, statutory or otherwise, related in any way to the matters covered by this agreement, and

covenant not to sue or otherwise proceed against defendants with respect to any such claims for attorneys' fees and/or costs.

18.    In the event any party must institute legal action to enforce or interpret the terms of this agreement, and prevails in such action, they shall be entitled to recover their costs of court and/or collection, including but not limited to all reasonable attorneys' fees, at trial and appellate levels, in addition to any other relief to which they may be entitled, except as specifically prohibited by applicable law.

19.    Neither this agreement nor any portion hereof is assignable.  Plaintiff represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released here, and agree that no such assignment or transfer may occur without a written consent executed by defendants, and any attempt to do so shall be void.

20.    Plaintiffs acknowledge that this is a negotiated agreement and that no provision of this agreement shall be construed against any party based upon the fact that a party or its attorney proposed or drafted the term or provision in dispute.

21.    By signing this agreement, plaintiffs represent and agrees that:

(a)    they have carefully read and fully understand all the terms of this agreement;

(b)    they are freely and voluntarily entering into this agreement and knowingly releasing defendants in accordance with the terms contained in Paragraph Four;

(c)    before signing this agreement, they were advised of their rights and had an opportunity to consult with an attorney of their choice;

(d)    in accordance with Paragraph Four, they expressly waive, among other claims, any and all claims arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*), which they had or may have against defendants;

(e)    the release of claims described in Paragraph Four, above, of this agreement does not waive any rights or claims that they may have against defendants arising after the date on which this agreement becomes effective;

(f)    they have received or shall receive something of value from defendants which they would not otherwise be entitled to receive;

(g)    the period of time that they had to consider their rights and obligations under this agreement was reasonable;

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate

their agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

November \_\_\_\_\_, 2018                    _____
                                        Kasheena Shim

November \_\_\_\_\_, 2018                    _____
                                        Nicholas Clark

November \_\_\_\_\_, 2018                    _____
                                        Zachary Clark

November _____, 2018                    _____
                                         Giannino Gironda


November _____, 2018                    _____
                                         Amanda Hartman


November _____, 2018                    _____
                                         Pedro Zamora, on behalf of himself, Z-Live
                                         Inc., Stage 48 Inc., Stage 48 Event Inc

# EXHIBIT TWO

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into this _____ day of ~~Nov~~Sept~~ember~~, 2018, by and between Kasheena Shim, Nicholas Clark, Zachery Clark, Giannino Gironda, Amanda Hartman and any and all of their executors, administrators, successors, and assigns (collectively, "plaintiffs") and Z-Live Inc., Stage 48 Inc., Stage 48 Event Inc., and Pedro Zamora, and any and all of their executors, administrators, successors, and assigns (collectively, "defendants" and, together with plaintiffs, "the parties"). This Agreement constitutes the complete and final settlement of any and all disputes arising from or relating in any way to plaintiffs' employment with defendants, any separation of plaintiffs' employment with defendants, plaintiffs' compensation and/or benefits from defendants, and any claims or actions plaintiffs have brought, threatened to bring, or could have brought against defendants.

Plaintiffs commenced a action against defendants in the United States District Court, Eastern District of New York, which was assigned docket number 17-CV-6938 (JPO) ("the action").

Defendants have answered and deny liability, or that the claims in the action have any merit.

The parties desire to enter into this agreement to fully and finally settle, resolve and dismiss with prejudice the claims asserted or which could have been asserted in the action as well as any and all other claims, complaints, charges and actions of any kind whatsoever, known or unknown, that share a factual or legal nexus with the claims plaintiffs sought to press in this suit. ~~which plaintiffs now have or may have against defendants.~~

Plaintiffs acknowledge and agree that the payment provided for here is provided as consideration for this agreement to voluntarily dismiss, waive and withdraw with prejudice all claims, complaints, charges, administrative actions and actions of any kind against defendants.

In consideration of the execution of this Agreement, and the mutual promises and covenants contained herein, the parties agree as follows:

　　　　1.　　　In consideration of plaintiffs' execution and delivery of this agreement including any exhibits, and the promises and covenants contained here, and contingent upon the approval of the Hon. J. Paul Oetken, or any successor Judge of the United States District Court ("the Court"), defendants, or any one of them, shall forward to plaintiffs' counsel, Stoll, Glickman & Bellina, LLP ("SGB") a sum total of Eighty-Five Thousand Dollars ($85,000.00) (the "settlement sum") as follows:

　　　　　　　　a.　　　Due two weeks after approval of this agreement by the Court, $13,050.00 by check payable to Kasheena Shim;

b.    Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Nicholas Clark;

c.    Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Zachery Clark;

d.    Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Giannino Gironda;

e.    Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Amanda Hartman.

f.    Due two weeks after approval of this agreement by the Court, $28,950.00, by check payable to Stoll, Glickman & Bellina, LLP, and representing one third of the settlement sum, plus $617.00 in reimbursed expenses.

2.    All payments to plaintiffs shall be subject to withholdings. SGB shall be obligated to execute and return an IRS Form W-9 to counsel for defendants with respect to the payment made to SGB pursuant to this agreement.

3.    In the event that it is subsequently determined that plaintiffs owe any additional taxes with respect to their respective payments set forth in paragraph 1 above, plaintiffs each expressly acknowledge and agree that they and their heirs, executors, administrators, and assigns, and not defendants, shall be responsible for the payment of any such taxes, liabilities, payments, costs, interest and penalties. Plaintiffs agree to defend, indemnify and hold harmless defendants to the full extent of any such taxes, liabilities, payments, costs, interest and penalties associated with any subsequent tax liability, which may be assessed against defendants in connection with any payment made to or on behalf of plaintiffs or to SGB on plaintiffs' behalf.

4.    Plaintiffs, for the consideration given by defendants as set forth above, which they acknowledge is satisfactory to them, agree that they irrevocably and unconditionally release, remise, waive and forever discharge and covenant not to sue defendants from all actions, causes of action, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses of any nature whatsoever, in law or equity, known or unknown, suspected or unsuspected, fixed or contingent, which they have or have ever had, against defendants from the beginning of time to the date of the agreement, that share a factual or legal nexus with the claims plaintiffs sought to press in this suit.  including but not limited to: (i) any claims and/or demands which are related to or arising out of their employment with defendants, any separation of their employment with defendants and/or their compensation and/or benefits from defendants; (ii) any claims which were or could have been interposed in the Action; (iii) any claims for reinstatement; (iv) any claims for attorneys' fees, costs or other indemnities except for any breach of contract action for attorneys' fees stemming from this agreement; (v) any claims for fraud, misrepresentation, physical or personal injury, emotional distress, libel, slander, defamation and similar or related claims; (vi)

2

~~any wrongful discharge claim or claim for breach of contract or implied contract, whether such contract is written or oral; (vii) any claims for discrimination, harassment and/or retaliation of any kind; (viii) any claim that defendants dealt with plaintiffs wrongly or in bad faith; (ix) any other common law claim under federal, state, city or local common law; and (x) any claims arising from any alleged violation of any federal, state, city or local statute, law, rule, regulation or ordinance, including, without limitation, any rights or claims plaintiffs may have under Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Federal Labor Standards Act; Section 1981 of the Civil Rights Act of 1866; Executive Order 11246; the Equal Pay Act; the Age Discrimination in Employment Act; the Older Worker Benefit Protection Act; the Americans with Disabilities Act and/or the Rehabilitation Act of 1973; the Employee Retirement Income Security Act; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act; the Family and Medical Leave Act, all New York State wage and hour laws, the Codes, Rules and Regulations of the State of New York, the New York State Human Rights Law, the New York City Human Rights Law, the New York State Labor Law, all as amended; and (xi) claims under any constitution, common law or any other federal, state or local law, including those not specifically listed above; and (xii) any other claims for personal injury, compensatory or punitive damages or attorney's fees pursuant to federal, state or common law governing the payment of wages, discrimination in the workplace, retaliation claims, or any other aspect of the employer-employee relationship.~~ This release covers both claims that plaintiffs knew about and those they may not know about, other than claims that may arise after the date they execute this agreement. Nothing here is intended to release those claims which cannot by law be waived by private agreement, except that such claims are intended to be waived where Court approval must be obtained, and has been obtained.[1]

5.      The parties agree that the releases described in paragraph four do not bind or constrain any other person, not a party to this action, or preclude any other person from bringing a similar action for damages, although it does limit plaintiffs' participation in any such action, as described below.

6.      Plaintiffs acknowledge that, by signing this agreement and receiving the payments listed in paragraph one, they: (a) have been properly paid for all hours worked, and (b) have not suffered any on the job illness or injury for which they have not already filed a claim or lawsuit[2].

7.      ~~Plaintiffs agree and covenant that they shall not sue, bring or join in any type of claim, action, proceeding or investigation against defendants, nor encourage or lend support to any other individual contemplating or taking such action.~~ Plaintiffs further represent that, other than the action, they have no administrative, federal or state court actions against defendants currently pending before any local, state or federal court, tribunal or administrative agency.[3] If any such court, tribunal or agency assumes or has

---

[1]    ~~TExcept that t~~his agreement is not intended to, and does not waive, any claim for New York State Workers' Compensation benefits filed by, or to be filed by, Plaintiff Giannino Gironda.

[2]    Except for any claim described in Footnote One.

[3]    Except for any claim described in Footnote One.

assumed jurisdiction over any complaint or charge, that shares a factual or legal nexus with the claims plaintiffs sought to press in this suit, plaintiffs shall promptly request in writing that the court, tribunal or agency without appearance by either of the parties, withdraw and dismiss the action with prejudice.[4]  Any such orders shall be attached to and become a part of this agreement.  All obligations set forth in this agreement are conditioned completely and entirely upon the withdrawal and dismissal with prejudice of any and all administrative, state and federal court actions that share a factual or legal nexus with the claims plaintiffs sought to press in this suit.[5]

8.    Plaintiffs agree that they will not communicate with, consult with, advise, counsel or otherwise cooperate with or assist any current or former employees or independent contractors of defendants in the pursuit of any legal or administrative action(s) against defendants, including, but not limited to, those arising from or relating to plaintiffs' or any other persons' employment or affiliation with defendants.  Plaintiffs further agree that they will not participate, directly or indirectly, as a party, witness or otherwise, in any action at law, proceeding in equity or in any administrative proceeding in which defendants are parties, unless compelled to do so by force of law.  If plaintiffs are served with a subpoena or otherwise compelled to provide testimony or information covered by this paragraph 3(d), they shall first provide defendants with reasonable advance notice of the subpoena or legal process so that they may have a reasonable opportunity to move to quash or modify, if so desired.

9.8.    Nothing in this agreement is intended or shall be deemed to prohibit plaintiffs from participating in or cooperating with the Equal Employment Opportunity Commission (the "EEOC"), the New York State Division of Human Rights ("NYSDHR") or the New York City Commission on Human Rights ("NYCCHR") or a similar state or local agency, in any action brought by the EEOC, the NYSDHR, the NYCCHR and/or a similar state or local agency.  Plaintiffs agree and acknowledge, however, that they are not entitled to and will not seek or permit anyone to seek on their behalf any personal, equitable or monetary relief in any such action.

10.9.    During their employment with defendants, Plaintiffs were given access to defendants' confidential and proprietary information including, without limitation, information regarding actual and potential customer information and other information regarding defendants' business and business strategy not otherwise known to the public (the "confidential information").  Plaintiffs commit and agree to maintain the confidentiality of the confidential information and not to directly or indirectly disclose, disseminate or publish, or cause to be disclosed, disseminated or published any confidential information in any form to any third party.  In addition, plaintiffs agree to return to defendants' counsel, within fourteen (14) days of Court's approval of this agreement, any confidential information or property of defendants still in their possession or control including, but not limited to, computers, CDs, computer files, electronic communications, keys, cellular telephones, blackberries, SIM cards, identification cards, reports, documents, records, notebooks, correspondence, manuals, ledgers, software,

---

[4]    Except for any claim described in Footnote One.
[5]    Except for any claim described in Footnote One.

diskettes, CDs, computer files, lists and other tangible embodiments of the confidential information (regardless of the media in which such confidential information is stored), including copies thereof.

11.10.  Plaintiffs certify and represents that they have not disclosed or disseminated any affidavits, certifications or declarations obtained in connection with the action to anyone other than the other parties.  Plaintiffs also certify and represent that neither they nor their counsel have any undisclosed affidavits or declarations in their possession, custody or control related to or substantiating any facts set forth in the complaint filed in the action.

12.11.  Plaintiffs acknowledge and agree that, other than the consideration provided here, they are not entitled to and will not receive any additional compensation or benefits of any kind from defendants, and that no representations have been made to them to the contrary, with the exception of any wages lawfully earned after the Court's approval of this agreement.

13.12.  This Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of defendants, nor of any violation of any federal, state, city or local statute, rule, regulation or principle of common law or equity.  Rather, this agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay, and uncertainty of litigation.

14.   Plaintiffs agree that they shall not issue or participate in any communication, written, verbal or otherwise, that disparages, criticizes or otherwise reflects adversely upon defendants, or which encourages any adverse action against defendants, provided that plaintiffs are permitted to testify truthfully under oath pursuant to a lawfully issued subpoena.

15.13.  This agreement may not be changed orally and no modification, amendment or waiver of any provision contained in this agreement, or any future representation, promise or condition in connection with the subject matter of this agreement shall be binding upon the parties unless made in writing and signed by the parties.

16.14.  This agreement contains the entire agreement and complete settlement between the parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral.  All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this agreement.  This is an integrated document.

17.15.  In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful, or, for any reason, unenforceable, the remaining portion shall remain in full force and effect, and, to that end, the provisions of this agreement are declared to be severable.

18.16.  This agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state without regard to principles of conflict of laws.

19.17.  Except with respect to funds specifically owed under this agreement, plaintiffs waive and release any claims against defendants for attorneys' fees and costs, statutory or otherwise, related in any way to the matters covered by this agreement, and covenant not to sue or otherwise proceed against defendants with respect to any such claims for attorneys' fees and/or costs.

20.18.  In the event any party must institute legal action to enforce or interpret the terms of this agreement, and prevails in such action, they shall be entitled to recover their costs of court and/or collection, including but not limited to all reasonable attorneys' fees, at trial and appellate levels, in addition to any other relief to which they may be entitled, except as specifically prohibited by applicable law.

21.19.  Neither this agreement nor any portion hereof is assignable.  Plaintiff represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released here, and agree that no such assignment or transfer may occur without a written consent executed by defendants, and any attempt to do so shall be void.

22.20.  Plaintiffs acknowledge that this is a negotiated agreement and that no provision of this agreement shall be construed against any party based upon the fact that a party or its attorney proposed or drafted the term or provision in dispute.

23.21.  By signing this agreement, plaintiffs represent and agrees that:

(a)    they have carefully read and fully understand all the terms of this agreement;

(b)    they are freely and voluntarily entering into this agreement and knowingly releasing defendants in accordance with the terms contained in Paragraph Four;

(c)    before signing this agreement, they were advised of their rights and had an opportunity to consult with an attorney of their choice;

(d)    in accordance with Paragraph Four, they expressly waive, among other claims, any and all claims arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*), which they had or may have against defendants;

(e)    the release of claims described in Paragraph Four, above, of this agreement does not waive any rights or claims that they may have against defendants arising after the date on which this agreement becomes effective;

(f)     they have received or shall receive something of value from defendants which they would not otherwise be entitled to receive;

(g)     the period of time that they had to consider their rights and obligations under this agreement was reasonable;

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

~~Sep~~Nov~~t~~ember _____, 2018          _____
                                          Kasheena Shim

Nov~~Sept~~ember _____, 2018          _____
                                          Nicholas Clark

NovSeptember _____, 2018

_____
Zachary Clark

NovSeptember _____, 2018

_____
Giannino Gironda

NovSeptember _____, 2018

_____
Amanda Hartman

NovSeptember _____, 2018

_____
Pedro Zamora, on behalf of himself, Z-Live
Inc., Stage 48 Inc., Stage 48 Event Inc

# EXHIBIT THREE



300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. J. Paul Oetken                                          September 13, 2018
United States District Court, SDNY
40 Foley Square
New York, NY  10007


RE:    Kasheena Shim, Nicholas Clark, Zachery Clark, Giannino Gironda, Amanda Hartman v.
       Z-Live Inc., Stage 48 Inc., Stage 48 Event Inc., and Pedro Zamora, in his Individual and
       Professional Capacities

       17-CV-06938 (JPO)


Your Honor,


I am plaintiffs' counsel in the above referenced matter.  The parties jointly submit this letter and respectfully ask the Court to accept it as a letter motion for settlement approval of this US Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action.[1]  This motion is submitted for settlement purposes, and neither party intends for it to be admissible as a party statement in any continuing litigation.

Although the First Amended Complaint was submitted as a putative collective and class action under the FLSA and NYLL, the proposed settlement ("settlement") is submitted as an individual settlement between each of the five named plaintiffs and the defendants, and does not bind or purport to affect the rights of any non-parties to the action.  We thus seek approval of the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), as well as Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012).


SUMMARY OF THE ACTION

Plaintiffs were bartenders and servers at a nightclub in Hell's Kitchen known as "Stage 48".  Stage 48 operated at times as a nightclub that any member of the public over 21 years old could attend; at other times it hosted private parties.  Plaintiffs' complaints arose from a number of

---

[1]         The executed proposed settlement agreement is appended as Exhibit 1.

practices that they asserted were consistent and illegal policies which resulted in plaintiffs failing to obtain all that was due to them in wages and tips. Defendants deny the practices, and assert that defendants received all they were due.

Plaintiffs asserted, and defendants have denied, the following in their First Amended Complaint;

1.    Defendants routinely unlawfully retained portions of plaintiffs' earned tips to remedy what they perceived to be shortfalls in plaintiffs' nights-end reconciliations, and defendants had no procedures for plaintiffs to dispute such chargebacks;

2.    Plaintiffs were required to pay taxes on tips earned by other employees who were receiving tips that had to be accounted for, but who were working "off the books";

3.    During certain events, defendants retained three percent of some of plaintiffs' tips as permissible credit card processing fees, in circumstances where customers paid cash for "pre-paid bottle service";

4.    Plaintiffs were occasionally required to share a portion of their tips with individuals who did not customarily and regularly receive tips;

5.    Defendants were required to pay the higher standard minimum wage to plaintiffs, rather than the lower "tipped employees" minimum wage because the practices described above did not meet the prerequisites of the FLSA and NYLL for the tipped minimum wage that "all tips received by such employee have been retained by the employee" and that "[n]o employer ... shall demand ... any part of the gratuities received by an employee, or retain any part of a gratuity". 29 U.S.C.A. § 203; NYLL § 196–d.[2]

## HISTORY OF THE LITIGATION

The parties have engaged in informal discovery, which included disclosure of plaintiffs' payroll records from January 2015, and several years of daily revenue reports from defendants' point of sale system, to assist in weighing the strength and value of plaintiffs' claims. Plaintiffs also have several years of employee schedules from Stage 48, and sample nights' end closing sheets, as well as Plaintiff Shim's payroll records from February 2015.

The parties participated in two mediation sessions, on March 12, 2018, and April 26, 2018, through the SDNY Mediation Program. Although the parties did not reach a settlement during either of those sessions, the mediation was helpful in narrowing the issues, and getting the parties familiar with their exposures in the case, and the ultimate proposed settlement is for substantially more than defendants' last offer, and substantially less than defendants' last demand.

---

[2]    In the original complaint, Plaintiffs asserted that defendants unlawfully retained "service charges" they added to customers' bills during catered parties. That theory was abandoned in the Amended Complaint after defense counsel allowed plaintiffs' counsel to inspect years of party contracts entered into by defendants, each of which contained language that explicitly advised the clients that the service charges did not purport to be gratuities. See Samiento v. World Yacht Inc., 10 N.Y.3d 70 (2008).

After mediation appeared to fail, plaintiffs submitted substantial, potentially very burdensome discovery demands.  As counsel continued to discuss the mode of production, defendants revisited their settlement position, and the proposed settlement is for more than three times the last offer made during mediation.

Plaintiffs' counsel has spoken not only with plaintiffs, but with other current and former employees of defendants', who worked in various relevant positions.

VALUE OF THE CASE

The biggest challenge plaintiffs have faced in this litigation is the fact that many of the events they complained of arose from arguably *ad hoc* procedures which were difficult to substantiate or reliably quantify.  At the end of each night, plaintiffs would go into a room with "accountants" or "bookkeepers" from the club, who would perform the nights' end reconciliation.  But the accountants and bookkeepers were often replaced with new employees, and some practices plaintiffs complain of could have been the result of individual employees who were defrauding both the club and plaintiffs, rather than consistent policies and practices of the club.  This is also why plaintiffs ultimately decided to accept individual offers rather than continue to pursue a class wide settlement.

> A.    THE MINIMUM WAGE CLAIMS

Apart from the appropriate risk discounts, the value of plaintiffs' minimum wage claims are easy to assess, since we have complete payroll records for each plaintiff.  The total of the minimum wage claims for all plaintiffs is $22,563.05 going back to 2013; with liquidated damages, the total is **$45,126.10**.  Exhibit 2.

> B.    THE UNLAWFUL RECONCILIATION SHORTFALL DEDUCTION CLAIMS

The reconciliation shortfall deductions were not, based out counsel's investigation, frequent or consistent occurrences, and the evidence of such practices is hard to get to; much of the paperwork is destroyed after the numbers are calculated by hand and then entered into the point of sale system, and we have had to rely on random saved documents plaintiffs retained.[3]  It is clear, however, that the shortfall deductions were not a frequent practice, and certainly not a consistent one.  For settlement purposes, we have generously (to plaintiffs) estimated the average gross reconciliation deductions per night to be $100.00 total, for all shift employees that evening. We assumed fifteen waiters and bartenders per night, for a very rough total of $6.60 per night worked per plaintiff.[4]  Gross hours worked by all plaintiffs are 10,427; if we assume an eight hour shift for each, it rounds to 1303 shifts.  That rounds out to $8599.80 in damages for this claim.  With liquidated damages, the claims would be worth **$17,199.60**.

---

[3]      Substantial paper records were apparently destroyed in a fire, as well.
[4]      Since tips were pooled by all bartenders, waiters, bussers, and bar-backs, a deduction to one employee's tips affected all.

C.    THE IMPROPER TAXATION/ UNLAWFUL DEDUCTION CLAIMS

This claim is a complex one.  We assumed an average of fifteen waiters and bartenders per night, with an average of three working "off the books", whose tips were attributed to the other 12 for taxation purposes.  Assuming an average of $200.00 in tips per shift per bartender or waiter, each employee paid approximately $21.48 more per shift in taxes to account for the "off the books" workers.  Using the same 1303 shifts as in Section B above, the total unlawful deductions would be $27,988.44.  With liquidated damages, this claim would be worth **$55,976.88.**

D.    THE OTHER THEORIES

Plaintiffs' other theories are extraordinarily hard to calculate without extensive formal discovery, and not likely to be driving factors in terms of settlement value of the case.

RISK DISCOUNTS

All of the claims made in the amended complaint are difficult to substantiate and quantify.  The minimum wage claims discussed above require that plaintiffs prove at least one of their other theories applied consistently enough to assert that plaintiffs were not permitted to keep all of their tips.  But the reconciliation deductions appear to have been more the product of rogue accountants than a consistent policy, plaintiffs have gotten conflicting statements from various witnesses about the practice, and plaintiffs have been able to provide only one reconciliation sheet with hard evidence of a deduction, for $68.00.  We expect that if the practice were widespread and consistent, we would have been able to identify more close-out sheets with deductions on them.

Similarly, the claims that the tip income of off-the-books employees is being attributed to the on-the books workers for tax purposes is a complicated argument to begin with, and an even harder one to substantiate; as it currently stands, there is no hard evidence to substantiate the theory, witnesses have not substantiated it, and the nature of cash restaurant and club tip income makes it extraordinarily difficult to run down any reliable numbers.  Furthermore, such calculations may necessarily lead to further inquiries about cash tips reported by plaintiffs.

When plaintiffs first approached counsel about this case, they had complaints about a host of *ad hoc* issues that they perceived as defendants stealing from them.  Counsel put together a complaint alleging what appeared to be the most consistent, identifiable practices, but by far the biggest complaint- the perceived withholding of mandatory service charges that were represented as gratuities- turned out to lack merit, based on a review of documents that defendants never had access to before litigation- the party contracts.[5]

In the end, the case contains a disparate set of difficult to prove, difficult to quantify claims.  The rough calculations provided above total $188,302.58 maximum potential recovery, exclusive of

---

[5]    Furthermore, though the issue seemed to be the most clear-cut and consistent, it was not the most sympathetic, since "party pay" for employees working private parties was 20-25 dollars per hour, instead of the tipped minimum wage, so the employees were not exactly being robbed under those circumstances.

attorneys' fees, and the $85,000.00 settlement is approximately 45 percent of that total. A 65 percent discount for risk, plus the time and expense of further litigation, is very reasonable under the circumstances.

Still further complicating settlement value is that plaintiffs were paid different pay rates depending on their function for the evening. There were times they worked parties for $20-$25.00 per hour with no tips, other times they received tips. Calculating the damages for the claims above therefore becomes extraordinarily complex.


## ALLOCATION OF THE SETTLEMENT

The plaintiffs are a remarkably close and collegial group, who have supported each other through the litigation. Although this is not a class action, Plaintiffs have agreed among themselves that any settlement should be shared equally, except that Kasheena Shim should receive a somewhat larger share of the settlement for having sought counsel, initiated the litigation, and worked harder and spent more time with counsel strategizing, reviewing documents and discussing theories of the case.[6] Thus, the proposed settlement awards each plaintiff other than Kasheena Shim $10,750.00. It awards Kasheena Shim $13,050.00. [7]


## SATISFACTION AND VULNERABILITY OF THE LITIGANTS

Plaintiffs, who each attended at least one mediation, are all educated, competent, apparently savvy and smart individuals. As mentioned above, they are a collegial group, who all felt strongly about the litigation and how they perceive they were treated by defendants. They have all expressed enthusiasm and satisfaction with the proposed settlement, and each has endorsed the settlement agreement (as have defendants). Counsel have no doubt that this proposed settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." See Le v. SITA Information Networking Computing, USA, Inc., 2008 WL 724155 (E.D.N.Y. Mar. 2008) (internal quotations and citation omitted). See also Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Additionally, the settlement amounts compare favorably with plaintiffs' actual earned income during their tenure with defendants. For example, in 2015, Kasheena Shim earned $4392.74 in salary and reported $15,950.20 in tips. In 2015, Nicholas Clark grossed $11,891.99 in salary and reported $7526.76 in tips. Their settlements exceed half of the gross reported annual income for each.

Finally, plaintiffs have not at any time expressed any urgency to settle this matter, or need for money, that would drive any of them to settle for less than a fair value of the litigation.

---

[6]    We also have a higher number of documented hours for her.

[7]    In the event the Court has any concerns about Kasheena Shim's unequal share, all of the parties have consented to deem the settlement agreement amended to reflect an even split of the settlement among all plaintiffs, which would result in an $11,210.00 settlement check to each plaintiff.

ARMS' LENGTH BARGAINING AND THE ABSENCE OF FRAUD OR COLLUSION

Plaintiffs' counsel and defense counsel did not know each other before this litigation, and attended two vigorously contested, unsuccessful mediations.   Plaintiffs' counsel is an experienced firm that focuses on civil rights and employment litigation.  There was no fraud or collusion in this matter, and the case was settled at arms' length.


RELEASE OF CLAIMS

While the release here releases all potential claims plaintiffs could bring against defendants to date, plaintiffs' counsel has conferred in depth with each plaintiff to ascertain any potential claims other than those brought here, and is convinced there are no such further claims, other than a workers' compensation claim, which has been excluded from the settlement. Furthermore, the release is not subject to any confidentiality provisions.


ANTICIPATED BURDENS AND EXPENSES IN ESTABLISHING CLAIMS AND DEFENSES

As discussed above, the claims presented here are in part novel, and difficult to prove.  They would require extensive further discovery, including electronic discovery, and forensic experts, and are far from a guaranteed victory.  Settlement avoids such anticipated burdens and expenses, and avoids the further litigation risks.


ATTORNEYS' FEES

If plaintiffs were to prevail on their claims, they would be entitled to attorneys' fees from defendants under either the FLSA or the NYLL.  Although plaintiffs' attorneys' hours total approximately 90 as of this writing, counsel has agreed to accept a one third contingency fee from the gross settlement (as our retainer agreement provides for, unless fees awarded for prevailing at trial exceed such a fee).  Thus, a third of the $85,000.00 settlement, or **$28,333.00**, should reasonably be factored into the settlement value of the case.  We respectfully submit that this is reasonable in light of the approximately 90.6 hours spent by plaintiffs' counsel in this matter, as documented contemporaneously in Exhibit 3.

One third contingency fees "are commonly accepted in the Second Circuit in FLSA cases." Chamoro v. 293 3rd Café Inc., 16-CV-339 (PAE), 2016 WL 5719799, at *3 (S.D.N.Y. 2016) collecting cases).   See also Ezpino v. CDL Underground Specialists, Inc., 14-CV-3173 (DRH)(SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, 2017 WL 3037406 (E.D.N.Y. 2017).  "Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely

affect the extent of the relief counsel [procured] for the clients.". <u>Pena v. San Miguel Transp., Inc.</u>, 14-CV-1463, 2015 WL 1938144, at *2 (S.D.N.Y. 2015) (citations and quotations omitted).

My firm's contemporaneous time records are appended[8]; I am a Partner at Stoll, Glickman & Bellina, LLP, and I supervise the firm's employment litigation practice. I have been practicing law in New York for over 20 years, and have been counsel and lead counsel in certified FLSA collective actions, as well as many individual FLSA and NYLL actions. I am a member of the bar of the State of New York and have also been admitted to practice before the U.S. District Court for the Western, Eastern, Southern and Northern Districts of New York, as well as the Second Circuit Court of Appeals, where I have briefed and argued. I have taught as an adjunct law professor at Seton Hall University School of Law, where I taught "Persuasion and Advocacy", a required trial advocacy course. I have tried over 25 jury trials in a variety of venues, and supervised and second chaired several more. Further, though I have been practicing employment law for six years, I have practiced civil rights litigation generally, predominantly in the Eastern and Southern districts of New York, for over fifteen years.

The time records reflect 81.2 hours of my time, and a limited amount of associate and support staff time. Awarding me a rate of $350.00 per hour would net a total fee of $28,420.00; remarkably close to the one third contingency listed above. Respectfully, the parties are not asking the Court to rule on an hourly rate here, but rather, to approve the contingency fee as cross checked with the reasonableness of the fees as discussed above.[9]


<u>CONCLUSION</u>

The parties submit that the proposed settlement satisfies the "uniquely protective.. remedial purpose" of the FLSA, "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees", and respectfully request approval of the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 207 (2d Cir. 2015), and <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335–37 (S.D.N.Y. 2012).


Thank you for your consideration.


Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.

---

[8]    Limited redactions are to protect investigatory work product.
[9]    We also ask the Court approve reimbursement of $617.00 in expenses from the settlement, reflecting a $450.00 filing fee and process serving.

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into this _____ day of September, 2018, by and between Kasheena Shim, Nicholas Clark, Zachery Clark, Giannino Gironda, Amanda Hartman and any and all of their executors, administrators, successors, and assigns (collectively, "plaintiffs") and Z-Live Inc., Stage 48 Inc., Stage 48 Event Inc., and Pedro Zamora, and any and all of their executors, administrators, successors, and assigns (collectively, "defendants" and, together with plaintiffs, "the parties"). This Agreement constitutes the complete and final settlement of any and all disputes arising from or relating in any way to plaintiffs' employment with defendants, any separation of plaintiffs' employment with defendants, plaintiffs' compensation and/or benefits from defendants, and any claims or actions plaintiffs have brought, threatened to bring, or could have brought against defendants.

Plaintiffs commenced a action against defendants in the United States District Court, Eastern District of New York, which was assigned docket number 17-CV-6938 (JPO) ("the action").

Defendants have answered and deny liability, or that the claims in the action have any merit.

The parties desire to enter into this agreement to fully and finally settle, resolve and dismiss with prejudice the claims asserted or which could have been asserted in the action as well as any and all other claims, complaints, charges and actions of any kind whatsoever, known or unknown, which plaintiffs now have or may have against defendants.

Plaintiffs acknowledge and agree that the payment provided for here is provided as consideration for this agreement to voluntarily dismiss, waive and withdraw with prejudice all claims, complaints, charges, administrative actions and actions of any kind against defendants.

In consideration of the execution of this Agreement, and the mutual promises and covenants contained herein, the parties agree as follows:

      1.      In consideration of plaintiffs' execution and delivery of this agreement including any exhibits, and the promises and covenants contained here, and contingent upon the approval of the Hon. J. Paul Oetken, or any successor Judge of the United States District Court ("the Court"), defendants, or any one of them, shall forward to plaintiffs' counsel, Stoll, Glickman & Bellina, LLP ("SGB") a sum total of Eighty-Five Thousand Dollars ($85,000.00) (the "settlement sum") as follows:

            a.      Due two weeks after approval of this agreement by the Court, $13,050.00 by check payable to Kasheena Shim;

      b.      Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Nicholas Clark;

      c.      Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Zachery Clark;

      d.      Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Giannino Gironda;

      e.      Due two weeks after approval of this agreement by the Court, $10,750.00 by check payable to Amanda Hartman.

      f.      Due two weeks after approval of this agreement by the Court, $28,950.00, by check payable to Stoll, Glickman & Bellina, LLP, and representing one third of the settlement sum, plus $617.00 in reimbursed expenses.

2.      All payments to plaintiffs shall be subject to withholdings.  SGB shall be obligated to execute and return an IRS Form W-9 to counsel for defendants with respect to the payment made to SGB pursuant to this agreement.

3.      In the event that it is subsequently determined that plaintiffs owe any additional taxes with respect to their respective payments set forth in paragraph 1 above, plaintiffs each expressly acknowledge and agree that they and their heirs, executors, administrators, and assigns, and not defendants, shall be responsible for the payment of any such taxes, liabilities, payments, costs, interest and penalties.  Plaintiffs agree to defend, indemnify and hold harmless defendants to the full extent of any such taxes, liabilities, payments, costs, interest and penalties associated with any subsequent tax liability, which may be assessed against defendants in connection with any payment made to or on behalf of plaintiffs or to SGB on plaintiffs' behalf.

4.      Plaintiffs, for the consideration given by defendants as set forth above, which they acknowledge is satisfactory to them, agree that they irrevocably and unconditionally release, remise, waive and forever discharge and covenant not to sue defendants from all actions, causes of action, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses of any nature whatsoever, in law or equity, known or unknown, suspected or unsuspected, fixed or contingent, which they have or have ever had, against defendants from the beginning of time to the date of the agreement, including but not limited to: (i) any claims and/or demands which are related to or arising out of their employment with defendants, any separation of their employment with defendants and/or their compensation and/or benefits from defendants; (ii) any claims which were or could have been interposed in the Action; (iii) any claims for reinstatement; (iv) any claims for attorneys' fees, costs or other indemnities except for any breach of contract action for attorneys' fees stemming from this agreement; (v) any claims for fraud, misrepresentation, physical or personal injury, emotional distress, libel, slander, defamation and similar or related claims; (vi) any wrongful discharge claim or claim for breach of contract or implied contract, whether

such contract is written or oral; (vii) any claims for discrimination, harassment and/or retaliation of any kind; (viii) any claim that defendants dealt with plaintiffs wrongly or in bad faith; (ix) any other common law claim under federal, state, city or local common law; and (x) any claims arising from any alleged violation of any federal, state, city or local statute, law, rule, regulation or ordinance, including, without limitation, any rights or claims plaintiffs may have under Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Federal Labor Standards Act; Section 1981 of the Civil Rights Act of 1866; Executive Order 11246; the Equal Pay Act; the Age Discrimination in Employment Act; the Older Worker Benefit Protection Act; the Americans with Disabilities Act and/or the Rehabilitation Act of 1973; the Employee Retirement Income Security Act; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act; the Family and Medical Leave Act, all New York State wage and hour laws, the Codes, Rules and Regulations of the State of New York, the New York State Human Rights Law, the New York City Human Rights Law, the New York State Labor Law, all as amended; and (xi) claims under any constitution, common law or any other federal, state or local law, including those not specifically listed above; and (xii) any other claims for personal injury, compensatory or punitive damages or attorney's fees pursuant to federal, state or common law governing the payment of wages, discrimination in the workplace, retaliation claims, or any other aspect of the employer-employee relationship. This release covers both claims that plaintiffs knew about and those they may not know about, other than claims that may arise after the date they execute this agreement. Nothing here is intended to release those claims which cannot by law be waived by private agreement, except that such claims are intended to be waived where Court approval must be obtained, and has been obtained.[1]

     5.    The parties agree that the releases described in paragraph four do not bind or constrain any other person, not a party to this action, or preclude any other person from bringing a similar action for damages, although it does limit plaintiffs' participation in any such action, as described below.

     6.    Plaintiffs acknowledge that, by signing this agreement and receiving the payments listed in paragraph one, they: (a) have been properly paid for all hours worked, and (b) have not suffered any on the job illness or injury for which they have not already filed a claim or lawsuit[2].

     7.    Plaintiffs agree and covenant that they shall not sue, bring or join in any type of claim, action, proceeding or investigation against defendants, nor encourage or lend support to any other individual contemplating or taking such action. Plaintiffs further represent that, other than the action, they have no administrative, federal or state court actions against defendants currently pending before any local, state or federal court, tribunal or administrative agency.[3] If any such court, tribunal or agency assumes or has assumed jurisdiction over any complaint or charge, plaintiffs shall promptly request in

---

[1]     Except that this agreement is not intended to, and does not waive, any claim for New York State Workers' Compensation benefits filed by, or to be filed by, Plaintiff Giannino Gironda.
[2]     Except for any claim described in Footnote One.
[3]     Except for any claim described in Footnote One.

writing that the court, tribunal or agency without appearance by either of the parties, withdraw and dismiss the action with prejudice.[4]  Any such orders shall be attached to and become a part of this agreement.  All obligations set forth in this agreement are conditioned completely and entirely upon the withdrawal and dismissal with prejudice of any and all administrative, state and federal court actions.[5]

8.      Plaintiffs agree that they will not communicate with, consult with, advise, counsel or otherwise cooperate with or assist any current or former employees or independent contractors of defendants in the pursuit of any legal or administrative action(s) against defendants, including, but not limited to, those arising from or relating to plaintiffs' or any other persons' employment or affiliation with defendants.  Plaintiffs further agree that they will not participate, directly or indirectly, as a party, witness or otherwise, in any action at law, proceeding in equity or in any administrative proceeding in which defendants are parties, unless compelled to do so by force of law.  If plaintiffs are served with a subpoena or otherwise compelled to provide testimony or information covered by this paragraph 3(d), they shall first provide defendants with reasonable advance notice of the subpoena or legal process so that they may have a reasonable opportunity to move to quash or modify, if so desired.

9.      Nothing in this agreement is intended or shall be deemed to prohibit plaintiffs from participating in or cooperating with the Equal Employment Opportunity Commission (the "EEOC"), the New York State Division of Human Rights ("NYSDHR") or the New York City Commission on Human Rights ("NYCCHR") or a similar state or local agency, in any action brought by the EEOC, the NYSDHR, the NYCCHR and/or a similar state or local agency.  Plaintiffs agree and acknowledge, however, that they are not entitled to and will not seek or permit anyone to seek on their behalf any personal, equitable or monetary relief in any such action.

10.     During their employment with defendants, Plaintiffs were given access to defendants' confidential and proprietary information including, without limitation, information regarding actual and potential customer information and other information regarding defendants' business and business strategy not otherwise known to the public (the "confidential information").  Plaintiffs commit and agree to maintain the confidentiality of the confidential information and not to directly or indirectly disclose, disseminate or publish, or cause to be disclosed, disseminated or published any confidential information in any form to any third party.  In addition, plaintiffs agree to return to defendants' counsel, within fourteen (14) days of Court's approval of this agreement, any confidential information or property of defendants still in their possession or control including, but not limited to, computers, CDs, computer files, electronic communications, keys, cellular telephones, blackberries, SIM cards, identification cards, reports, documents, records, notebooks, correspondence, manuals, ledgers, software, diskettes, CDs, computer files, lists and other tangible embodiments of the confidential information (regardless of the media in which such confidential information is stored), including copies thereof.

---

[4]        Except for any claim described in Footnote One.
[5]        Except for any claim described in Footnote One.

4

11.    Plaintiffs certify and represents that they have not disclosed or disseminated any affidavits, certifications or declarations obtained in connection with the action to anyone other than the other parties.  Plaintiffs also certify and represent that neither they nor their counsel have any undisclosed affidavits or declarations in their possession, custody or control related to or substantiating any facts set forth in the complaint filed in the action.

12.    Plaintiffs acknowledge and agree that, other than the consideration provided here, they are not entitled to and will not receive any additional compensation or benefits of any kind from defendants, and that no representations have been made to them to the contrary, with the exception of any wages lawfully earned after the Court's approval of this agreement.

13.    This Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of defendants, nor of any violation of any federal, state, city or local statute, rule, regulation or principle of common law or equity.  Rather, this agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay, and uncertainty of litigation.

14.    Plaintiffs agree that they shall not issue or participate in any communication, written, verbal or otherwise, that disparages, criticizes or otherwise reflects adversely upon defendants, or which encourages any adverse action against defendants, provided that plaintiffs are permitted to testify truthfully under oath pursuant to a lawfully issued subpoena.

15.    This agreement may not be changed orally and no modification, amendment or waiver of any provision contained in this agreement, or any future representation, promise or condition in connection with the subject matter of this agreement shall be binding upon the parties unless made in writing and signed by the parties.

16.    This agreement contains the entire agreement and complete settlement between the parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral.  All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this agreement.  This is an integrated document.

17.    In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful, or, for any reason, unenforceable, the remaining portion shall remain in full force and effect, and, to that end, the provisions of this agreement are declared to be severable.

18.    This agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state without regard to principles of conflict of laws.

19.    Except with respect to funds specifically owed under this agreement, plaintiffs waive and release any claims against defendants for attorneys' fees and costs, statutory or otherwise, related in any way to the matters covered by this agreement, and covenant not to sue or otherwise proceed against defendants with respect to any such claims for attorneys' fees and/or costs.

20.    In the event any party must institute legal action to enforce or interpret the terms of this agreement, and prevails in such action, they shall be entitled to recover their costs of court and/or collection, including but not limited to all reasonable attorneys' fees, at trial and appellate levels, in addition to any other relief to which they may be entitled, except as specifically prohibited by applicable law.

21.    Neither this agreement nor any portion hereof is assignable.  Plaintiff represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released here, and agree that no such assignment or transfer may occur without a written consent executed by defendants, and any attempt to do so shall be void.

22.    Plaintiffs acknowledge that this is a negotiated agreement and that no provision of this agreement shall be construed against any party based upon the fact that a party or its attorney proposed or drafted the term or provision in dispute.

23.    By signing this agreement, plaintiffs represent and agrees that:

(a)    they have carefully read and fully understand all the terms of this agreement;

(b)    they are freely and voluntarily entering into this agreement and knowingly releasing defendants in accordance with the terms contained in Paragraph Four;

(c)    before signing this agreement, they were advised of their rights and had an opportunity to consult with an attorney of their choice;

(d)    in accordance with Paragraph Four, they expressly waive, among other claims, any and all claims arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*), which they had or may have against defendants;

(e)    the release of claims described in Paragraph Four, above, of this agreement does not waive any rights or claims that they may have against defendants arising after the date on which this agreement becomes effective;

(f)    they have received or shall receive something of value from defendants which they would not otherwise be entitled to receive;

(g)    the period of time that they had to consider their rights and obligations under this agreement was reasonable;

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

September _____, 2018                          _____
                                                 Kasheena Shim

September _____, 2018                          _____
                                                 Nicholas Clark

September _____, 2018                          _____
                                                 Zachary Clark

September _____, 2018                    _____
                                          Giannino Gironda


September _____, 2018                    _____
                                          Amanda Hartman


September _____, 2018                    _____
                                          Pedro Zamora, on behalf of himself, Z-Live
                                          Inc., Stage 48 Inc., Stage 48 Event Inc

September _____, 2018

_____
Giannino Gironda

September _____, 2018

_____
Amanda Hartman

September _____, 2018

_____
Pedro Zamora, on behalf of himself, Z-Live
Inc., Stage 48 Inc., Stage 48 Event Inc

September _____, 2018

_____
Zachary Clark

7

September _____, 2018

_____
Giannino Gironda

September _____, 2018

_____
Amanda Hartman

September _____, 2018

_____
Pedro Zamora, on behalf of himself, Z-Live
Inc., Stage 48 Inc., Stage 48 Event Inc

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.

BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.



September __6__, 2018

Kableena Shim

September _____, 2018

Nicholas Clark

September _____, 2018

Zachary Clark

7

September _____, 2018

                    _____
                    Giannino Gironda

September _____, 2018

                    _____
                    Amanda Hartman

September _____, 2018

                    _____
                    Pedro Zamora, on behalf of himself, Z-Live
                    Inc., Stage 48 Inc., Stage 48 Event Inc

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

September _____, 2018                    _____
                                         Kasheena Shim

September _____, 2018                    _____
                                         Nicholas Clark

September _____, 2018                    _____
                                         Zachary Clark

7

Intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING, WITHOUT LIMITATION, ANY AND ALL CLAIMS ARISING UNDER ANY FEDERAL, STATE, CITY OR LOCAL LAW, REGULATION, ORDER OR ORDINANCE, OR THE COMMON LAW.**

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE AND AFFIRMS THAT THEY ARE COMPETENT, THAT THEY HAVE BEEN AFFORDED A REASONABLE TIME PERIOD TO REVIEW AND CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED TO DO SO WITH AN ATTORNEY OF THEIR CHOICE, THAT THEY HAVE READ AND UNDERSTAND AND ACCEPT THIS DOCUMENT AS FULLY AND FINALLY WAIVING AND RELEASING ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND DIFFERENCES OF ANY KIND WHATSOEVER WHICH THEY MAY HAVE HAD OR NOW HAVE AGAINST DEFENDANTS ARISING OUT OF OR RELATING TO THEIR EMPLOYMENT WITH DEFENDANTS, THEIR COMPENSATION AND BENEFITS WITH DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES, OR INDUCEMENTS HAVE BEEN MADE TO THEM EXCEPT AS SET FORTH IN THIS AGREEMENT, AND THAT THEY HAVE SIGNED THESE DOCUMENTS FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

September _____, 2018                    _____
                                        Kasheena Shim

September __7__, 2018                    _____
                                        Nicholas Clark

September _____, 2018                    _____
                                        Zachary Clark

# EXHIBIT 2

## EXHIBIT 2

| | | |
|---|---|---|
| 2013 | Non Tipped Minimum Wage | $7.25 |
| 2014 | Non Tipped Minimum Wage | $7.25 |
| 2015 | Non Tipped Minimum Wage | $7.25 |
| 2016 | Non Tipped Minimum Wage | $7.25 |
| 2017 | Non Tipped Minimum Wage | $7.25 |
| 2012 | Tipped Minimum Wage | $2.13 |
| 2013 | Tipped Minimum Wage | $2.13 |
| 2014 | Tipped Minimum Wage | $2.13 |
| 2015 | Tipped Minimum Wage | $2.13 |
| 2016 | Tipped Minimum Wage | $2.13 |
| 2017 | Tipped Minimum Wage | $2.13 |

| | | Total Hours | UNDERPAYMENT |
|---|---|---|---|
| **Shim Minimum Wage Claims:** | 2/3/13-1/10/14 | 223 | $501.75 |
| | 1/10/14-8/17/14 | 452 | $1,356.00 |
| | 8/8/14-12/31/14 | No Work | |
| | 1/1/15-12/20/15 | 710.75 | $2,665.31 |
| | 12/20/15-12/31/15 | No Work | |
| | 1/1/16-12/31/16 | 650 | $975.00 |
| | 1/1/17-12/31/17 | 248.55 | $546.81 |
| TOTAL SHIM | | | $6,044.87 |
| **NICOLAS CLARK MINIMUM WAGE CLAIMS** | 1/1/15-12/31/15 | 705.75 | $2,646.56 |
| | 1/1/16-12/31/16 | 1103.5 | $1,655.25 |
| | 1/1/17-12/31/17 | 647.5 | $1,424.50 |
| TOTAL NICHOLAS CLARK | | | $5,726.31 |
| **GIRONDA MINIMUM WAGE CLAIMS** | 1/1/15-12/31/15 | 548.25 | $2,055.94 |
| | 1/1/16-12/31/16 | 958.5 | $1,437.75 |
| | 1/1/17-12/31/17 | 569.5 | $854.25 |
| TOTAL GIO | | | $4,347.94 |
| **HARTMAN MINIMUM WAGE CLAIMS** | 1/1/15-12/31/15 | 457.5 | $1,715.63 |
| | 1/1/16-12/31/16 | 557.5 | $836.25 |
| | 1/1/17-12/31/17 | 448.5 | $672.75 |
| TOTAL HARTMAN | | | $3,224.63 |

**ZACHARY CLARK MINIMUM WAGE CLAIMS**

| | | | |
|---|---|---|---|
| **ZACHARY CLARK MINIMUM WAGE CLAIMS** | 1/1/16-12/31/16 | 1246.5 | $1,869.75 |
| | 1/1/17-12/31/17 | 899.7 | $1,349.55 |
| TOTAL ZACHARY CLARK | | | $3,219.30 |
| **TOTAL MINIMUM WAGE CLAIMS** | | | $22,563.05 |
| **TOTAL MINIMUM WAGE CLAIMS WITH LIQUIDATED DAMAGES** | | | $45,126.10 |

# EXHIBIT 3

# Stoll, Glickman & Bellina, LLP

**Time Listing for Selected File  - All Timekeepers**

Client/ Matter :  // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AR | 8/1/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/1/2017 | Shim, Kasheena (2) | Email to  Kasheena Shim | 0.20 |
| | 8/7/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/8/2017 | Shim, Kasheena (2) | Telephone call to Maimon Kirschenbaum  - spoke | 0.10 |
| | 8/15/2017 | Kasheena Shim et al v. Z Live | New  client intake | 0.70 |
| | | | **_Total For Amy Robinson_** | **1.20** |
| AS | 7/7/2017 | Shim, Kasheena (2) | Client INtake | 1.00 |
| | 7/7/2017 | Shim, Kasheena (2) | Research Failure to pay out tips | 0.40 |
| | 7/10/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.20 |
| | 7/25/2017 | Shim, Kasheena (2) | Email to  Kasheena Shim | 0.30 |
| | 7/25/2017 | Shim, Kasheena (2) | Email to  Kasheena Shim | 0.10 |
| | 7/25/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.20 |
| | 7/26/2017 | Shim, Kasheena (2) | Research Failure to pay tips Statutes of limitations | 0.40 |
| | 7/26/2017 | Shim, Kasheena (2) | Email to  ksheenashim@yahoo.com;astoll@stollglickman.com | 0.10 |
| | 7/26/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 7/26/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 7/26/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.20 |
| | 7/26/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.10 |
| | 7/26/2017 | Shim, Kasheena (2) | Telephone call to ⸻ - spoke | 0.20 |
| | 7/27/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.60 |
| | 8/1/2017 | Shim, Kasheena (2) | Email to  Kasheena Shim | 0.10 |
| | 8/1/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/15/2017 | Shim, Kasheena (2) | Intake w ith potential class reps: Hartman, ⸻Clark, Giannino, Clark | 0.10 |
| | 8/15/2017 | Shim, Kasheena (2) | Research Liquidated Damages under NYLL Tip Law  and diversion of credit card fees from tips and tip credits tow ards minimum w age | 0.60 |
| | 8/15/2017 | Shim, Kasheena (2) | Email to  Girondo Giannino | 0.20 |
| | 8/15/2017 | Shim et al v. Z Live et al | Email to  Michael Uysal | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Enter new clients, continue research into value of minimum w age claims for failure to meet requirements of tip credit v. Value of undistributed tips Edit Complaint | 0.20 |
| | 8/16/2017 | Shim, Kasheena (2) | Email to  Zachery Clark | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Reserach effect of Rule 68 on potential class members inclduing w hether there's a distinction betw een a complaint that names "individual and class reps" vs. Solely individuals | 0.60 |
| | 8/16/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Telepho⸻ - left message | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Email to ⸻ | 0.10 |
| | 8/16/2017 | Shim, Kasheena (2) | Research Federal Cause of Action for w ithheld tips Research class certification under State Law v. FRCP v FLSA | 0.60 |
| | 8/16/2017 | Shim, Kasheena (2) | Prepare Additional Class member Retainers | 0.30 |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File  - All Timekeepers**

Client/ Matter :   // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AS | 8/16/2017 | Kasheena Shim et al v. Z Live | Email to  Nicholas Clark | 0.10 |
| | 8/16/2017 | Kasheena Shim et al v. Z Live | Email to  Nicholas Clark | 0.10 |
| | 8/16/2017 | Kasheena Shim et al v. Z Live | Email to  Zachery Clark | 0.10 |
| | 8/16/2017 | Kasheena Shim et al v. Z Live | Email to  Girondo Giannino | 0.10 |
| | 8/16/2017 | Kasheena Shim et al v. Z Live | Email to  Amanda Hartman | 0.10 |
| | 8/17/2017 | Kasheena Shim et al v. Z Live et al | Research Attorneys fees to support amount in controversy for federal jurisdiction<br>Look up and review  other actions against club | 1.20 |
| | 8/22/2017 | Shim et al v. Z Live et al | Draft Pleadings | 0.90 |
| | 8/24/2017 | Shim et al v. Z Live et al | Draft Pleadings<br>Research Diversity Jurisdiction in Class Cases | 5.60 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Nicholas Clark | 0.10 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Zachery Clark | 0.10 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Giannino Girondo | 0.10 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Amanda Hartman | 0.10 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 8/24/2017 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 8/25/2017 | Shim et al v. Z Live et al | Research apportionment of attorneys' fees towards federal jurisdictional minimum in class cases<br>Research Prior filing and Path of case- whether removal was sought | 1.90 |
| | 8/25/2017 | Shim et al v. Z Live et al | Telephone call to Amanda Hartman  - spoke | 0.10 |
| | 8/25/2017 | Shim et al v. Z Live et al | Telephone call to Amanda Hartman  - spoke | 0.60 |
| | 8/25/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/29/2017 | Shim et al v. Z Live et al | Telephone call to Nicholas Clark - spoke | 0.20 |
| | 8/30/2017 | Shim et al v. Z Live et al | Email to  Zachery Clark | 0.30 |
| | 8/30/2017 | Shim et al v. Z Live et al | Telephone call to Zachery Clark  - spoke | 0.50 |
| | 9/6/2017 | Shim et al v. Z Live et al | Telephone call from Nicholas Clark  - spoke | 0.20 |
| | 9/12/2017 | Shim et al v. Z Live et al | Continued Drafting of Complaint<br>Research Federal law  on comulsory service charges- 29 C.F.R. § 531.55(a) | 1.20 |
| | 9/12/2017 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 9/13/2017 | Shim et al v. Z Live et al | Research Oetken and FLSA | 0.20 |
| | 9/14/2017 | Shim et al v. Z Live et al | Email to  Nicholas Clark | 0.10 |
| | 9/14/2017 | Shim et al v. Z Live et al | Email to  Andrew Justin Urgenson | 0.20 |
| | 9/14/2017 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 9/15/2017 | Shim et al v. Z Live et al | Telephone call to Zachery Clark  - left message | 0.10 |
| | 9/15/2017 | Shim et al v. Z Live et al | Telephone call from Zachery Clark  - spoke | 0.20 |
| | 9/23/2017 | Shim et al v. Z Live et al | Telephone call from Zachery Clark  - spoke | 0.10 |
| | 9/25/2017 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com | 0.30 |
| | 9/25/2017 | Shim et al v. Z Live et al | Electronic Records Preservation request | 0.50 |
| | 9/25/2017 | Shim et al v. Z Live et al | Telephone call to Giannino Girondo  - spoke | 0.10 |
| | 10/4/2017 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.20 |
| | 10/5/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 10/5/2017 | Shim et al v. Z Live et al | Telephone call to ██████████  - spoke | 0.10 |
| | 10/13/2017 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File - All Timekeepers**

Client/ Matter : // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AS | 10/16/2017 | Shim et al v. Z Live et al | Reveiw Payroll records Research opposing counsel | 0.30 |
| | 10/16/2017 | Shim et al v. Z Live et al | Email to chrisrlynn@aol.com;astoll@stollglickman.com | 0.10 |
| | 10/16/2017 | Shim et al v. Z Live et al | Telephone call to Giannino Girondo - spoke | 0.20 |
| | 10/16/2017 | Shim et al v. Z Live et al | Email to Giannino Girondo | 0.30 |
| | 10/23/2017 | Shim et al v. Z Live et al | Prep for meet and confer Review Time Records Meet and confer | 2.00 |
| | 10/23/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.20 |
| | 11/1/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - spoke Reveiw Notes for names of people paid off books | 0.30 |
| | 11/1/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - spoke | 0.10 |
| | 11/1/2017 | Shim et al v. Z Live et al | Adjournment Request | 0.30 |
| | 11/1/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.50 |
| | 11/1/2017 | Shim et al v. Z Live et al | Telephone call to Nicholas Clark - spoke | 0.30 |
| | 11/1/2017 | Shim et al v. Z Live et al | Telephone call to Amanda Hartman - left message | 0.10 |
| | 11/2/2017 | Shim et al v. Z Live et al | Email to Kasheena Shim | 0.10 |
| | 11/2/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - no answer | 0.10 |
| | 11/2/2017 | Shim et al v. Z Live et al | Telephone call from Amanda Hartman - spoke | 0.40 |
| | 11/3/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - spoke | 0.10 |
| | 11/3/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 11/6/2017 | Shim et al v. Z Live et al | Email to Kasheena Shim | 0.10 |
| | 11/7/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - spoke | 0.10 |
| | 11/7/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.30 |
| | 11/13/2017 | Shim et al v. Z Live et al | Review File and status... | 0.10 |
| | 11/13/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - no answer | 0.10 |
| | 11/13/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 11/13/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - spoke | 0.30 |
| | 11/24/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 11/28/2017 | Shim et al v. Z Live et al | Email to chrisrlynn@aol.com | 0.10 |
| | 12/3/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - left message | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Telephone call from Christopher Lynn - spoke | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Telephone call to J. Paul Oetken - spoke | 0.10 |
| | 12/4/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 12/13/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - spoke | 0.20 |
| | 12/13/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 12/15/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - left message | 0.10 |
| | 12/15/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.50 |
| | 12/15/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - spoke | 0.20 |
| | 12/15/2017 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - spoke | 0.20 |
| | 12/22/2017 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.20 |
| | 12/22/2017 | Shim et al v. Z Live et al | Amend Complaint | 0.50 |
| | 12/22/2017 | Shim et al v. Z Live et al | Telephone call to Amanda Hartman - left message | 0.10 |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File  - All Timekeepers**

Client/Matter :  // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AS | 12/22/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 12/22/2017 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 12/22/2017 | Shim et al v. Z Live et al | Telephone call from Kasheena Shim  - spoke | 0.10 |
| | 1/3/2018 | Shim et al v. Z Live et al | Email to | 0.10 |
| | 1/3/2018 | Shim et al v. Z Live et al | Email to  Michael Lampert | 0.10 |
| | 1/3/2018 | Shim et al v. Z Live et al | Email to  Michael Lampert | 0.10 |
| | 1/10/2018 | Shim et al v. Z Live et al | Email to astoll@stollglickman.com;mlampert@gmail.com;chrisrlynn@aol.com | 0.10 |
| | 1/12/2018 | Shim et al v. Z Live et al | Research blended rate | 0.60 |
| | 1/16/2018 | Shim et al v. Z Live et al | Letter to mediator | 0.10 |
| | 1/16/2018 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn  - spoke | 0.10 |
| | 1/16/2018 | Shim et al v. Z Live et al | Email to  Michael Lampert | 0.10 |
| | 1/16/2018 | Shim et al v. Z Live et al | Email to  Michael Lampert Letter to Court re: Conference | 0.10 |
| | 1/16/2018 | Shim et al v. Z Live et al | Letter to Court requesting adjournment Review  FLSA Pilot program rules | 0.70 |
| | 2/14/2018 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com | 0.20 |
| | 2/23/2018 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.60 |
| | 2/23/2018 | Shim et al v. Z Live et al | Email to  ksheenashim@yahoo.com | 0.10 |
| | 2/23/2018 | Shim et al v. Z Live et al | Email to  ksheenashim@yahoo.com | 0.10 |
| | 2/23/2018 | Shim et al v. Z Live et al | Email to  Giannino Girondo | 0.10 |
| | 2/26/2018 | Shim et al v. Z Live et al | Draft Amended Complaint | 0.80 |
| | 2/26/2018 | Shim et al v. Z Live et al | Telephone call to Giannino Girondo  - left message | 0.10 |
| | 2/27/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Prepare Mediation Statement | 3.80 |
| | 3/5/2018 | Shim et al v. Z Live et al | Email to  Nicholas Clark | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Telephone call from Nicholas Clark  - spoke | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 3/5/2018 | Shim et al v. Z Live et al | Email to  Michael Lampert | 0.10 |
| | 3/6/2018 | Shim et al v. Z Live et al | Email to  mlampert@gmail.com;astoll@stollglickman.com | 0.20 |
| | 3/8/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 3/9/2018 | Shim et al v. Z Live et al | Telephone call from Kasheena Shim  - spoke | 0.60 |
| | 3/9/2018 | Shim et al v. Z Live et al | Email to  Zachery Clark | 0.10 |
| | 3/9/2018 | Shim et al v. Z Live et al | Email to  Zachery Clark | 0.10 |
| | 3/13/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 4/3/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 4/12/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.30 |
| | 4/12/2018 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com;astoll@stollglickman.com | 0.30 |
| | 4/24/2018 | Shim et al v. Z Live et al | Review  Discovery | 0.10 |
| | 4/24/2018 | Shim et al v. Z Live et al | Prep for mediation | 0.20 |
| | 4/24/2018 | Shim et al v. Z Live et al | Email to  Amanda Hartman | 0.10 |
| | 4/24/2018 | Shim et al v. Z Live et al | Telephone call to Amanda Hartman  - spoke | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Prep for Conference | 0.10 |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File   - All Timekeepers**

Client/ Matter :   // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AS | 4/25/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Telephone call from Christopher Lynn  - spoke | 0.20 |
| | 4/25/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Email to  Giannino Girondo | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Email to | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Email to  Amanda Hartman | 0.10 |
| | 4/25/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.20 |
| | 4/26/2018 | Shim et al v. Z Live et al | Shim Mediation - include One Way travel | 2.50 |
| | 4/26/2018 | Shim et al v. Z Live et al | Email to  Kasheena Shim | 0.10 |
| | 4/26/2018 | Shim et al v. Z Live et al | Prepare Letter/settlement memorandum to Chris Lynn | 2.50 |
| | 4/27/2018 | Shim et al v. Z Live et al | Letter/ settlement memorandum to Chris Lynn And Damage Calculations | 1.50 |
| | 4/27/2018 | Shim et al v. Z Live et al | miscellaneous | 0.20 |
| | 4/30/2018 | Shim et al v. Z Live et al | Finish letter to counsel regarding settlement | 0.40 |
| | 4/30/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.20 |
| | 4/30/2018 | Shim et al v. Z Live et al | Email to  Nicholas Clark | 0.10 |
| | 4/30/2018 | Shim et al v. Z Live et al | Telephone call to E             - spoke | 0.20 |
| | 4/30/2018 | Shim et al v. Z Live et al | Telephone call to E             - spoke | 0.10 |
| | 5/3/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 5/4/2018 | Shim et al v. Z Live et al | Email to | 0.10 |
| | 5/4/2018 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com | 0.20 |
| | 5/10/2018 | Shim et al v. Z Live et al | Review  and redraft Amended Complaint for filing | 2.40 |
| | 5/10/2018 | Shim et al v. Z Live et al | Email to  Amanda Hartman | 0.10 |
| | 5/10/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 5/10/2018 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com | 0.10 |
| | 5/11/2018 | Shim et al v. Z Live et al | Draft disvovery demands, letter rew quest to amend complaint | 0.80 |
| | 5/15/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim - spoke | 0.20 |
| | 5/30/2018 | Shim et al v. Z Live et al | Telephone call to Zachery Clark - left message | 0.10 |
| | 5/31/2018 | Shim et al v. Z Live et al | Telephone call to Zachery Clark  - spoke | 0.20 |
| | 6/4/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 6/6/2018 | Shim et al v. Z Live et al | Prepare for Initial Conference | 0.20 |
| | 6/6/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.20 |
| | 6/6/2018 | Shim et al v. Z Live et al | Email to  Amanda Hartman | 0.10 |
| | 6/11/2018 | Shim et al v. Z Live et al | Prep for initial conference and Prepare First Document Demands and Interrogatories, Damage Calculations | 4.10 |
| | 6/11/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |
| | 6/11/2018 | Shim et al v. Z Live et al | SDNY: Shim -include One Way Travel | 1.00 |
| | 6/11/2018 | Shim et al v. Z Live et al | Email to | 0.30 |
| | 6/11/2018 | Shim et al v. Z Live et al | Email to  Zachery Clark | 0.10 |
| | 6/12/2018 | Shim et al v. Z Live et al | Email to  chrisrlynn@aol.com;astoll@stollglickman.com | 0.60 |
| | 6/12/2018 | Shim et al v. Z Live et al | Discovery Demands, Production, and Damage Calculations, Amanda Hartman Office Visit | 4.60 |
| | 6/12/2018 | Shim et al v. Z Live et al | Telephone call to T             - left message | 0.10 |
| | 6/13/2018 | Shim et al v. Z Live et al | Finalize Discovery Demands and production | 0.80 |
| | 6/13/2018 | Shim et al v. Z Live et al | Email to  Christopher Lynn | 0.10 |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File   - All Timekeepers**

**Client/ Matter :**   // 17CV06938

| Working Lawyer Initials | Date | Shortfilename | Description | Hrs |
|---|---|---|---|---|
| AS | 6/14/2018 | Shim et al v. Z Live et al | Email to Nicholas Clark | 0.20 |
| | 6/14/2018 | Shim et al v. Z Live et al | Damage Calculations of Off the Clock claims | 0.60 |
| | 7/30/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 7/31/2018 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn  - left message | 0.10 |
| | 7/31/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.60 |
| | 7/31/2018 | Shim et al v. Z Live et al | Telephone call from Christopher Lynn  - spoke | 0.10 |
| | 7/31/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 8/10/2018 | Shim et al v. Z Live et al | Telephone call to Christopher Lynn - left message | 0.10 |
| | 8/10/2018 | Shim et al v. Z Live et al | Telephone call from Christopher Lynn - spoke | 0.20 |
| | 8/13/2018 | Shim et al v. Z Live et al | Email to mlampert@gmail.com | 0.20 |
| | 8/13/2018 | Shim et al v. Z Live et al | Telephone call from Christopher Lynn  - spoke | 0.10 |
| | 8/13/2018 | Shim et al v. Z Live et al | Email to Nicholas Clark | 0.50 |
| | 8/15/2018 | Shim et al v. Z Live et al | Telephone call to Nicholas Clark  - spoke | 0.10 |
| | 8/15/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.50 |
| | 8/15/2018 | Shim et al v. Z Live et al | Telephone call to Kasheena Shim  - spoke | 0.10 |
| | 8/15/2018 | Shim et al v. Z Live et al | Email to astoll@stollglickman.com;mlampert@gmail.com | 0.10 |
| | 8/15/2018 | Shim et al v. Z Live et al | Letter to Court | 0.40 |
| | 8/20/2018 | Shim et al v. Z Live et al | Motion for settlement approval | 2.60 |
| | 9/5/2018 | Shim et al v. Z Live et al | Draft Proposed Settlement Agreement and motion for settlement approval | 3.00 |
| | 9/5/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.50 |
| | 9/5/2018 | Shim et al v. Z Live et al | Email to chrisrlynn@aol.com;astoll@stollglickman.com | 0.10 |
| | 9/5/2018 | Shim et al v. Z Live et al | Email to Nicholas Clark | 0.10 |
| | 9/6/2018 | Shim et al v. Z Live et al | Email to Christopher Lynn | 0.10 |
| | 9/7/2018 | Shim et al v. Z Live et al | Email to chrisrlynn@aol.com;astoll@stollglickman.com | 0.10 |
| | 9/12/2018 | Shim et al v. Z Live et al | Draft Motion for Settlement Approval | 0.10 |
| | | | **Total For Andrew Stoll** | **81.20** |
| NS | 9/12/2017 | Shim et al v. Z Live et al | Draft summonses and civil cover sheet. Filed complaint in the sdny | 1.00 |
| | 9/13/2017 | Shim et al v. Z Live et al | Prepare service by hand for all defendants TB will pick it up tomorrow. | 0.50 |
| | 9/25/2017 | Shim et al v. Z Live et al | Mailed certified letter to all defendants via certified mail return receipt | 1.20 |
| | 10/4/2017 | Shim et al v. Z Live et al | Mailed follow up service to all defendants except for cosmopolitan management and erik funk also ecfed executed summons and follow up service by mail affidavits | 0.50 |
| | 3/5/2018 | Shim et al v. Z Live et al | Drafted and emailed request for for AS to bring electronic devuce | 0.50 |
| | 6/13/2018 | Shim et al v. Z Live et al | Convert excel spreadsheets | 4.50 |
| | | | **Total For Nicole Sherrod** | **8.20** |
| | | | **Total Hrs.** | **90.60** |

**Stoll, Glickman & Bellina, LLP**

**Time Listing for Selected File   - All Timekeepers**

Client/ Matter :  // 17CV06938

| Summary by Timekeeper | Hrs |
| --- | --- |
| Amy Robinson | 1.20 |
| Andrew Stoll | 81.20 |
| Nicole Sherrod | 8.20 |
| **Total** | **90.60** |